UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES TARPEH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 3:19-CV-01769-X |
| v. | § | |
| | § | |
| BRANCH BANKING AND TRUST | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

On July 26, 2019, defendant Branch Banking and Trust Company (BB&T) filed a motion to partially dismiss plaintiff James Tarpeh's complaint with prejudice as it pertains to its Family Medical Leave Act (FMLA) violation claim [Doc. No. 4]. The Court finds that Tarpeh has failed to state a claim but will allow Tarpeh to amend his complaint to replead his FMLA claim. The Court also finds that BB&T has failed to show it is entitled to attorney's fees because Tarpeh's FMLA claim is frivolous. As such, the Court **GRANTS IN PART** BB&T's motion to partially dismiss, **DISMISSES** Tarpeh's FMLA claim **WITHOUT PREJUDICE**, and orders his amended complaint to be filed in 28 days.[1]

To survive a motion to dismiss, a plaintiff must allege enough facts "to state a

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

claim to relief that is plausible on its face."[2]  The FMLA states that an employee is eligible for leave after being employed for at least 12 months and having worked at least 1,250 hours within that time period.[3]  Even so, an employer may be equitably estopped from asserting an employee's non-eligibility if the

> employer who without intent to deceive makes a definite but erroneous representation to his employee that she is an "eligible employee" and entitled to leave under FMLA, and has reason to believe that the employee will rely upon it . . . [and] the employee reasonably relies on that representation and takes action thereon to her detriment.[4]

Lastly, a court may award attorney's fees to a party if the opposing side "knowingly or recklessly raises a[n objectively] frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."[5]

The Court finds that, taking the facts pled in the complaint as true, Tarpeh did not work 12 months for BB&T prior to taking leave and so was not an eligible employee as defined by the FMLA.  The Court further finds that the complaint does not allege equitable estoppel.  Specifically, the complaint does not allege facts showing that Tarpeh reasonably relied on any representation that he was entitled to take FMLA leave by Market President Robert Chase or any other BB&T employee.  Out of an abundance of caution, however, the Court will allow Tarpeh to file an amended complaint for the sole purpose of repleading his FMLA claim.  Lastly, given

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *See* 29 U.S.C. § 2611(2)(A) (defining an "eligible employee); 29 U.S.C. § 2612(a) (giving leave requirements for an "eligible employee").

[4] *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006).

[5] *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 595 (5th Cir. 2016) (quoting *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 561 & n.4 (5th Cir. 2015)).

the complexity of the equitable estoppel issue, the Court is unconvinced at this time that Tarpeh "knowingly or recklessly raise[d] an objectively frivolous argument" and so does not find that BB&T is entitled to attorney's fees.[6]

For these reasons, the Court **GRANTS IN PART** BB&T's motion to partially dismiss and **DISMISSES** Tarpeh's FMLA claim **WITHOUT PREJUDICE**.  Tarpeh must file his amended complaint within 28 days of the issuance of the order.

**IT IS SO ORDERED** this 16th day of January 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[6] *Moench*, 838 F.3d at 595 (quoting *Gate Guard Servs., L.P.*, 792 F.3d at 561 & n.4).